AMERICAN SHAWL CO. v. WALDMAN.

(Supreme Court, Appellate Term. February 23, 1905.)

1. APPEAL—SUFFICIENCY OF ANSWER.

That the answer failed to effectually deny certain causes of action stated in the complaint is immaterial on appeal, where during the progress of the trial the complaint was amended by substituting for those causes of action an entirely new one, and the trial proceeded as if the new cause had been denied generally.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4078, 4079, 4087.]

2. PLEADING—SUFFICIENCY.

A complaint for goods sold and delivered was filed, the answer to which effectively denied nothing, but contained a counterclaim. An amended complaint was then filed, substituting an entirely new cause of action, to which no answer was made. No reply was interposed to the counterclaim. The court gave judgment for plaintiff for a sum which was not within any cause of action stated in either the original or amended complaint. Held, that a new trial should be directed.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by the American Shawl Company against Samuel Waldman. From the judgment rendered, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Cornelius Doremus (Joseph H. Lecour, Jr., of counsel), for appellant.

Abraham Oberstein, for respondent.

PER CURIAM. Assuming that the answer failed to effectually deny the first and second causes of action stated in the written complaint, the question becomes unimportant upon this appeal, because during the progress of the trial the complaint was amended by substituting for those causes of action an entirely new one, to

which the defendant was not called upon to plead, although the trial went on as if the new cause of action had been denied generally. The proof showed a contract of sale, a delivery, a payment of part of the purchase price, and indebtedness on defendant's part of $202.80. If this amount was unpaid upon the contract sued upon, not only was the plaintiff entitled to recover it, but it furnished an effective answer to the counterclaim. Under the circumstances it laid with defendant to show that the admitted indebtedness arose out of some other transaction, and this he did not satisfactorily do. Upon the whole we are of opinion that justice will be best served if a new trial be had. Upon the present record we have a written complaint for goods sold and delivered, with an answer which effectively denies nothing. Then the whole complaint is swept away by an amendment containing a cause of action quite different from either of those stated in the original complaint. To this no answer is made. The written answer contains a counterclaim, to which no reply seems to have been interposed, and which consequently must be deemed to have been denied generally; and finally the court, seeking to do substantial justice, gives the plaintiff, in effect, a judgment for a sum of money, which, as the justice states in his opinion, does not fall within any cause of action pleaded by plaintiff in either the original or the amended complaint. Furthermore, decision was reserved upon so many objections that it is not easy to determine upon just what evidence the case was decided.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.